21-23-cv
Biton v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

IRIS BITON,

> *Plaintiff-Appellant*,

> v.                                                              21-23

CITY OF NEW YORK, SERGEANT IAN NADEL, 66th Precinct, in his individual and official capacities, LATISHA WRIGHT, 66th Precinct, in her individual and official capacities,

> *Defendants-Appellees.**

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Iris Biton, pro se, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Jane L. Gordon, Elina Druker, New York City Law Department, *for* Georgia Pestana, Corporation Counsel of the City of New York, New York, NY. |

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Plaintiff Iris Biton, through counsel, sued the City of New York (the "City") and New York Police Department ("NYPD") Officer Latisha Wright and Sergeant Ian Nadel under 42 U.S.C. § 1983 alleging a municipal liability claim against the City and a malicious prosecution claim against the officers. The claims arose out of Biton's April 2013 arrest following an incident where Biton and her daughter, Jessica Francis, engaged in a physical altercation with their landlord, Judith Blumenthal. The district court granted Defendants' motion to dismiss the municipal liability claim.[1] It later granted Defendants' motion for summary judgment on the malicious prosecution claim because probable cause was established for each charge Biton challenged. Biton now appeals pro se. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021). "The movant must show that there is no genuine issue as to any material facts, and that they are entitled to judgment as a matter of law." *Id.* Pro se submissions are reviewed with "special solicitude" and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

In order to establish a malicious prosecution claim against Defendants, Biton had to prove

---

[1] Biton does not challenge the dismissal of the municipal liability claim on appeal.

"(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citation omitted); *see Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) (elements of malicious prosecution under New York law and § 1983 are essentially the same). In general, "probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello*, 612 F.3d at 161 (cleaned up). Probable cause that arises at the time of an individual's arrest continues to support her prosecution unless it dissipates because the police discover new information showing the "groundless nature of the charge." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (citation omitted). "The existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello*, 612 F.3d at 161–62 (cleaned up).

Biton challenged only her attempted assault, attempted petit larceny, attempted criminal possession of stolen property, and attempted criminal mischief charges in district court. We affirm the district court's amended judgment because each of these charges was supported by probable cause—Blumenthal provided NYPD officers and the Kings County District Attorney's Office ("KCDA") with information about Biton's criminal conduct, and Biton provided no evidence to the contrary. *Kinzer*, 316 F.3d at 144; *see Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, . . . unless the circumstances raise doubt as to the person's veracity.").

Probable cause existed for the attempted third-degree assault charge because the

3

undisputed facts show that Blumenthal told NYPD officers at the scene and the KCDA after Biton's arrest that Biton punched her in the back.

The charges for attempted petit larceny and attempted criminal possession of stolen property in the fifth degree were brought under an acting-in-concert theory, extending Biton's liability to the conduct of her daughter Francis during the incident. Biton disputes that her daughter actually stole Blumenthal's cell phone during the incident because Officer Wright did not mention the cell phone in her arrest paperwork. Biton presents no evidence, however, contradicting the fact that Blumenthal accused Francis and Biton of taking her cellphone or that NYPD officers returned Blumenthal's cell phone to her and informed her that it was found on Francis's person. Additionally, Blumenthal separately told the KCDA that Francis stole her cell phone, and she asked that the cellphone theft charge be added when she noticed that it was missing on the first charging instrument.

Finally, the charge for attempted criminal mischief in the fourth degree was also brought under an acting-in-concert theory.[2] Biton provides no evidence to contradict the fact that Blumenthal told NYPD officers at the scene and the KCDA after Biton's arrest that Francis intentionally damaged Blumenthal's camcorder.

Biton argues on appeal that probable cause did not exist because there was "really nothing" that Wright wrote about the incident in her memo book and the Aided Report Worksheet at the scene, proving that "she believed no crime was committed," and that Wright lied about the evidence against Biton. Appellant's Br. at 16. But Wright's subjective state of mind is irrelevant to whether there was an objectively reasonable basis to believe a crime had been committed. *See*

---

[2] A person is guilty of criminal mischief in the fourth degree if "when, having no right to do so nor any reasonable ground to believe that he or she has such a right, he or she: Intentionally damages property of another person." N.Y. Penal Law § 145.00(1).

4

*Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). And Biton's conclusion that the sparse notes in the arrest documents created at the scene prove no crimes were committed ignores Blumenthal's statements at the scene, Wright's observations at the scene, and both Blumenthal's and Wright's sworn statements to the KCDA afterwards.

Biton's assertion that Wright lied is speculation, and we will not credit such conclusory allegations. *See S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) ("A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory."). Moreover, even assuming Wright's statements were false, Blumenthal's separate account of the incident to the KCDA, leading to the KCDA's independent decision to charge Biton, obviated Wright's liability for malicious prosecution. *See Rentas v. Ruffin*, 816 F.3d 214, 220–21 (2d Cir. 2016) ("[W]hen an officer provides false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the . . . officer's initial, potentially tortious behavior. But if the prosecution relied on independent, untainted information to establish probable cause, a complaining official will not be responsible for the prosecution that follows." (cleaned up)).

We have considered all of Biton's remaining arguments and find them to be without merit. Accordingly, we affirm the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5